323 So.2d 217 (1975)
Luie W. CAPLE, Jr., Plaintiff-Appellee,
v.
Kirwen BROWN, Sheriff, Defendant-Appellant.
No. 12827.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1975.
*218 John S. Stephens, Coushatta, for defendant-appellant.
Bodenheimer, Jones, Klotz & Simmons by J. W. Jones, Shreveport, for plaintiff-appellee.
Before PRICE, HALL and MARVIN, JJ.
HALL, Judge.
Plaintiff, Luie W. Caple, Jr., an elector and taxpayer residing in Red River Parish, filed suit against defendant, Kirwen Brown, Sheriff of Red River Parish, seeking to compel the sheriff to allow an examination by plaintiff of the defendant's financial records relating to the sheriff's salary fund from July 19, 1972 to the present time, pursuant to LSA-R.S. 44:1 et seq., (the Public Records Law).
The matter was heard in a summary manner by the district court. The evidence adduced consisted of a stipulation and the testimony of Sheriff Brown. It was stipulated that plaintiff is a citizen of Red River Parish, a taxpayer, and an elector. The sheriff testified plaintiff made a request at the sheriff's office to examine the records in question, which request was rejected by the sheriff. The sheriff testified he knew plaintiff, that he offered a copy of the legislative auditor's report to plaintiff, that he subsequently published the auditor's reports covering his office for the period 1964 through 1974, noting in the publication that "since one of the candidates seeking my office has seen fit to bring suit to inspect my department's payroll records (records that could have been inspected without bringing suit), I have decided to publish these records for all to see." He further testified that although the records are available and he is in a position to do so, he would not voluntarily allow plaintiff to examine the payroll records.
The district court, for oral reasons expressed at the conclusion of the hearing, rejected defendant's contention that the Public Records Law is unconstitutionally vague and indefinite and overly broadthe only defense urged in the trial court. Judgment was rendered ordering the sheriff to produce for the inspection of plaintiff the financial records of the sheriff's salary fund for the years 1972 to date on October 20, 1975, during regular business hours at the sheriff's office in Coushatta, Louisiana. It was further ordered that plaintiff be granted the right to make memoranda or copies from these records but shall not remove them from the Red River Parish Courthouse.
Defendant was granted and perfected a suspensive appeal from the judgment of the district court. On appeal, defendant specifies three errors:
"(1) The Trial Court erred in ordering Sheriff Kirwen Brown to produce for plaintiff, Luie Caple, certain records or writings (as public records) after finding as a matter of fact that plaintiff upon making his request to Sheriff Brown for such production did not identify himself as an elector of the State, a taxpayer or any duly authorized agent of an elector or taxpayer.
"(2) That the order of the Court directing defendant, Sheriff Brown, to produce various documents and writings was in the nature of a declaratory judgment, and enlarged upon the relief prayed for.
"(3) The Trial Court erred in failing to find as unconstitutional the statute defining public records as being vague and overbroad."
*219 The applicable provisions of the Public Records Law (LSA-R.S. 44:1, et seq.) are as follows:
"§ 1. General definitions
"A. All records, writings, accounts, letters and letter books, maps, drawings, memoranda and papers, and all copies or duplicates thereof, and all photographs or other similar reproductions of the same, having been used, being in use, or prepared for use in the conduct, transaction or performance of any business, transaction, work, duty or function which was conducted, transacted or performed by or under the authority of the Constitution or the laws of this state, or the ordinances or mandates or orders of any municipal or parish government or officer or any board or commission or office established or set up by the Constitution or the laws of this state, or concerning or relating to the receipt or payment of any money received or paid by or under the authority of the Constitution or the laws of this state are public records, subject to the provisions of this Chapter except as hereinafter provided.

"* * *
"§ 31. Right to examine records
"The right to examine, copy, photograph and take memoranda of any and all public records, except as otherwise provided in this Chapter, may be exercised by:
(1) Any elector of the state.
(2) Any taxpayer who has paid any tax collected by or under the authority of the state if payment was made within one year from the date the taxpayer applies to exercise the right.
(3) Any duly authorized agent of paragraphs (1) and (2) above.
"§ 32. Duty to permit examination; prevention of alteration; payment for overtime
"All persons having custody or control of any public record shall present it to any person who is authorized by the provisions of this Chapter and who applies during the regular office hours or working hours of the person to whom the application is made. The persons in custody or control of a public record shall make no inquiry of any person authorized by this Chapter who applies for a public record, beyond the purpose of establishing his authority; and shall not review nor examine or scrutinize any copy, photograph or memoranda in the possession of any authorized person; and shall give, grant and extend to the authorized persons all reasonable comfort and facility for the full exercise of the right granted by this Chapter; provided, that nothing herein contained shall prevent the lawful custodian of a record from maintaining such vigilance as is required to prevent alteration of any such record while same is being examined by a person under the authority of this section; and provided further, that notwithstanding the requirements contained hereinabove, examinations of records under the authority of this section must be conducted during regular office or working hours. If the chief of the office or the person next in authority among those present in the office shall authorize examination of records in other than regular office or working hours, the persons designated to represent the lawful custodian of such record during such examinations shall be entitled to reasonable compensation to be paid to them by the office, agency or department having lawful custody of such record, out of funds provided in advance by the person examining such record in other than regular office or working hours. Amended by Acts 1968, No. 473, § 1.

"* * *
"§ 35. Suits to enforce provisions; preference
"Any suit brought in any court of original jurisdiction to enforce the provisions of this Chapter shall be tried by *220 preference and in a summary manner. All appellate courts to which the suits are brought shall place them on its preferential docket and shall hear them without delay. The appellate courts shall also render a decision in these suits within ten days after hearing them."
Other sections of the law set forth certain exemptions and limitations, but it is not contended that any of the exemptions specified in the Public Records Law are applicable in this case.
In support of his first specification of error defendant notes that plaintiff did not offer evidence that he identified himself to the sheriff as a taxpayer or elector at the time he made request to examine the sheriff's records. Defendant argues that the sheriff was, therefore, justified in refusing examination of the records and plaintiff cannot maintain this suit to enforce the Public Records Law because he has not followed the proper procedure outlined by the statute.
LSA-R.S. 44:31 gives the right of examination of public records to any elector or taxpayer. LSA-R.S. 44:32 prohibits persons in custody or control of public records from making any inquiry of any person authorized by the law to examine a public record except for the purpose of extablishing the person's authority. It clearly appears from the record that the sheriff at no time questioned plaintiff's authority as a taxpayer or elector. The sheriff testified he knew plaintiff. The record and briefs of counsel establish that plaintiff is a candidate for the office of sheriff of Red River Parish. A reading of the dialogue leading up to the stipulation by defendant at the trial of the rule that plaintiff is a taxpayer and elector shows that the obvious intent of the stipulation was to obviate any offering of proof as to plaintiff's authority under the statute as a taxpayer or elector. Defendant's argument as to lack of authority of plaintiff at the time the request was made, urged for the first time on appeal, is without merit.
In support of his second specification of error the defendant urges that the trial court, in effect, converted this action to one for a declaratory judgment rather than one to enforce the provisions of the Public Records Law. This argument, as we understand it, is also based on the premise that plaintiff did not follow the proper procedure in identifying himself when he made the request for examination. The discussion above of the first specification of error applies equally to the argument made by defendant in support of the second specification, which is likewise without merit.
In his third specification of error the defendant argues that the statute is vague, indefinite, overly broad and, therefore, unconstitutional, particularly in its definition of what constitutes public records.
The definition of public records contained in LSA-R.S. 44:1 is broad in the sense that it is virtually all inclusive. It is not, however, vague or indefinite. The statute defines public records by use of words with well understood meanings. It covers virtually every kind of record and every kind of written, printed or reproduced material used in the conduct, transaction or performance of any duty or function of a public office and particularly concerning or relating to receipt or payment of money by a public office or officer. Specifically listed are all records, writings, accounts, letters and letter books, maps, drawings, memoranda and papers, and all copies or duplicates thereof, and all photographs or other similar reproductions of the same. The records sought in this particular case clearly come within the statutory definition of public records.
Similar issues were raised in the recent case of Bartels v. Roussel, 303 So.2d 833 *221 (La.App. 1st Cir. 1974), writ denied 307 So.2d 372 (La.1975), which upheld the constitutionality of the Public Records Law. In that case the court held:
"... the right of the public to be adequately informed is of fundamental importance. In addition, we believe that statutes providing for examination of public records must be liberally interpreted so as to extend rather than restrict access to public records. Lastly, and more importantly, we believe that the wording of our statute indicates legislative intent to make all public records open to the public. We also find no evidence of the intent of the legislature to qualify this right in any manner. In this regard, we note that the statute provides that all records, writings, memoranda and papers, etc. relative to any business transaction required by law is a public document open to inspection. The language employed is extremely broad and all inclusive."
Defendant's plea of unconstitutionality is without merit. The statute is not vague and indefinite and the fact that it is broad in scope does not give rise to any constitutional infirmity.
The records plaintiff seeks to examine are public records. He is entitled to examine the records in the manner provided by the Public Records Law. The sheriff has published audit reports covering a ten year period but this does not affect plaintiff's right under the statute to examine the records themselves. The judgment of the district court recognizing and enforcing this right is correct.
The judgment of the district court ordered the sheriff to produce the records in question for examination by plaintiff on October 20, 1975, which date has now passed pending defendant's suspensive appeal. The judgment is hereby amended by changing the date of the examination from October 20, 1975 to the first business day following the day on which the judgment of this court becomes final according to law. As amended, the judgment is affirmed. To the extent permissible under the law, all costs of these proceedings, including the cost of appeal, are assessed to the defendant-appellant.
Amended, and as amended, affirmed.