**Walter R. SCHOETTLE, Plaintiff,**

v.

**Jack KEMP, in the capacity of Secretary of Housing and Urban Development, and James Lafferty, Individually, and in the capacity of General Deputy Assistant Secretary for Public Affairs, and Sherrie S. Rollins, Individually, and in the capacity of Assistant Secretary of Public Affairs, Defendants.**

**Civ. No. 89–00812 ACK.**

United States District Court, D. Hawaii.

April 5, 1990.

Walter R. Schoettle, Honolulu, Hawaii, pro se.

Florence T. Nakakuni, Asst. U.S. Atty., Honolulu, Hawaii, for defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

PENCE, Senior District Judge.

This matter came before this court on a motion made by the government for dismissal or in the alternative for summary judgment. The case is an action brought under 5 U.S.C. § 552, *et seq.*, the Freedom of Information Act (hereinafter "FOIA"), by Walter R. Schoettle. Mr. Schoettle is seeking a list of mortgagors owed vested, unpaid distributive shares and Mortgage Insurance Premium refunds.

### I. *Factual and Procedural Background*

Mr. Schoettle filed his complaint in this matter on October 17, 1989. The complaint alleges that Schoettle made a request to the Department of Housing and Urban Development (hereinafter "HUD") for mortgage records which were more than one year old, pursuant to 5 U.S.C. § 552 and *Aronson v. Dept. of Housing & Urban Development*, 822 F.2d 182 (1st Cir.1987). The plaintiff received a partial denial of his request on September 12, 1989 and then brought suit to enforce his request under the applicable provisions of the FOIA.

Mr. Schoettle has requested a list of all those persons owed vested, unpaid distributive shares and Mortgage Insurance Premium refunds. The government filed the present Motion to Dismiss and for Summary Judgment on December 22, 1989. In the interim between that time and this, Mr. Schoettle filed a Motion for Default Judgment which was granted on January 26, 1990. The government then brought a Motion to Set Aside the Default Judgment, which was granted on March 9, 1990.

### II. *Discussion*

■ This case is properly before this court on a matter for summary judgment; the court finds that there are no " 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be in favor of either party.' " *California Arch. Bldg. Prod. v. Francis-*

can Ceramics, 818 F.2d 1466, 1468 (9th Cir.1987) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)), cert. denied, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988). Thus, the case may be decided by this court on the law. Liberty Lobby, supra, 477 U.S. at 252, 106 S.Ct. at 2512.

The defendants have moved for summary judgment based on their assertion that the information requested by Mr. Schoettle falls within the protected class of records which are not required to be divulged under FOIA. The government maintains that the exemption provided in 5 U.S.C. § 552(b)(6) allows for the documents requested to be withheld. That section provides in relevant part that:

This section does not apply to matters that are

(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

5 U.S.C. § 552(b)(6).

The policy of HUD, as outlined at 24 C.F.R. § 15.1 et seq., is that full disclosure of its records will be made consistent with "competing public interests, ... personal privacy and obligations of confidentiality as are recognized by 5 U.S.C. § 552." 24 C.F.R. § 15.3. Obviously the question for this court to determine is how those various interests are to be defined.

As recently as last year, the Supreme Court offered guidance as to what would constitute a validly professed privacy interest on the part of an agency presented with a FOIA request. In U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press, —— U.S. ——, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989) (hereinafter "Reporters Committee"), the Court gave an expansive meaning to the term "privacy" under the FOIA, recognizing that it encompassed the individual's interest in "control[ing] information concerning his or her person." —— U.S. ——, 109 S.Ct. at 1476. Citing 5 U.S.C. § 552(b)(6) and § 552(b)(7)(C), as well as other FOIA provisions and the Privacy Act of 1974, the Court held that "disclosure of records regarding private citizens, identifiable by name, is not what the framers of the FOIA had in mind." Reporters Committee, supra, 109 S.Ct. at 1477.

The Supreme Court's opinion was not the first to deal with these issues. In Aronson v. H.U.D., 822 F.2d 182 (1st Cir.1987), the First Circuit recognized the significant privacy interests held by private citizens owed refunds in those instances where the mortgagors' names and addresses were combined with financial information. The Aronson decision is significant because it deals with the same type of information sought by Mr. Schoettle, namely the names and addresses of distributive share mortgagors. Furthermore, when Mr. Schoettle first made his request, he premised it on the Aronson decision, and has continued to cite Aronson as justification for his request.

In Aronson, the First Circuit affirmed HUD's policy of withholding distributive share data from FOIA requesters for the first year after the vesting of the shares, finding that the public interest in disclosure of the distributive share data "does not outweigh the potential invasions of privacy for as long as HUD is actively searching for eligible mortgagors, provided that the search is conducted within a reasonable time." Aronson, supra, at 187. However, the court concluded that HUD had failed to justify withholding information after one year had passed from the time the mortgagor became eligible for distribution of the monies. It is on this portion of the Aronson decision which Mr. Schoettle relies.

However, HUD subsequently revised its second year procedures, and in Farnum v. HUD, 710 F.Supp. 1129, 1133–36 (E.D. Mich.1988), a district court faced with a request very similar to this one held that balancing the personal privacy interests of the mortgagors against the public interest in disclosure resulted in upholding of HUD's decision to refuse disclosure of the information.

All of this was prior to the Supreme Court's decision in U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press, cited supra. In that decision the

Supreme Court made clear that disclosure of information about an individual does not serve the "public interest" merely because it is interesting or socially beneficial in some broad sense. *See Reporters Committee, supra,* 109 S.Ct. at 1481 n. 20 (FOIA not designed to " 'mak[e] the government's collection of data available to anyone who has any socially useful purpose for it' "). To quote from the Court:

> [The] basic policy of " 'full agency disclosure unless information is exempted under clearly delineated statutory language,' " ..., indeed focuses on the citizens' right to be informed about "what their government is up to." Official information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose. That purpose, however, is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct. In this case—and presumably in the typical case in which one private citizen is seeking information about another—the requester does not intend to discover anything about the conduct of the agency that has possession of the requested records.

*Reporters Committee, supra,* at 1481 (citations omitted).

■ This language makes it clear that when a balance must be struck between the competing interests of the privacy of individual citizens and the public's right to knowledge concerning agency action, that balance clearly weighs in favor of the protection of privacy through withholding of the information regarding specific individuals. Therefore, such a request may be properly denied under 5 U.S.C. § 552(b)(6).

Additionally, even under the standards provided by the *Aronson* and *Farnum* cases, cited *supra,* revelation of the names of private individuals having claims on the funds would be unwarranted while HUD's attempts to locate such individuals are still ongoing. While HUD has in place an effective tracer program for locating such individuals, any social interest which the the

plaintiff may claim to be advancing derivatively may be effectively advanced by the agency itself, and this without the attendant privacy invasions to the individuals entitled to refunds. As such, even under *Aronson,* it is the opinion of this court that no interest may be asserted by Mr. Schoettle's request which may not be fully satisfied by the agency's own efforts to locate persons to whom refunds or shares are owed.

On this point, the court notes language from the *Aronson* case which has relevance to disposition of the motion now before it, particularly in relation to the weighing of the respective interests:

> When it becomes a matter of public knowledge that someone is owed a substantial sum of money, that individual may become a target for those who would like to secure a share of that sum by means scrupulous or otherwise. We think that eligible mortgagors have a significant interest in avoiding becoming such targets whether or not they presently know they are entitled to a refund.... One cannot deny that [tracers'] activities ... may result in mortgagors receiving considerably less money than if HUD promptly distributed the refunds without the intervention of third parties.

*Aronson,* 822 F.2d at 186 (1st Cir.1987).

The record is clear that Mr. Schoettle's intentions are to use the information he is seeking from HUD solely to contact mortgagors eligible for refunds from the fund or prepaid premiums. He has supplied his own letter for contacting such persons as an exhibit to his pleadings filed in this matter.

### III. *Conclusion*

Under the law as outlined, balancing the private and public interests involved, and taking into account the specific facts of this case and Mr. Schoettle's intended use of the information sought, this court concludes that summary judgment is appropriate. It is the view of this court that HUD is entitled as a matter of law to withhold the information sought under Exemption 6

of the FOIA. 5 U.S.C. § 552(b)(6). In accordance with this view, the court hereby grants summary judgment for the defendants.

IT IS SO ORDERED.