CARTER, Judge.
This writ application arises out of the trial court’s denial of relator’s motion for a protective order.
BACKGROUND
Vincent Billiot was employed by Aireo Technical Institute (Aireo). Aireo’s worker’s compensation insurer was Liberty Mutual Insurance Company (Liberty Mutual). On April 12, 1982, while in the course and scope of his employment with Aireo, Billiot injured his knee and subsequently received worker’s compensation benefits from Liberty Mutual. Thereafter, Liberty Mutual applied to the Louisiana Worker’s Compensation Second Injury Board (Board) for reimbursement of the worker’s compensation benefits it had paid to Billiot.[1] The Board denied Liberty Mutual’s claim for reimbursement.
On October 18, 1985, Liberty Mutual filed an appeal from the Board’s decision with the 19th Judicial District Court.[2] The Board answered Liberty Mutual’s appeal, denying the allegations contained therein. Thereafter, both parties filed various pleadings seeking discovery. On May 21, 1990, Liberty Mutual filed a notice of deposition seeking to depose James E. Campbell, the Board’s executive director. The Board responded by filing a motion for protective order. In support of its motion, the Board argued that LSA-R.S. 23:1378 E requires a de novo determination, that the information sought to be discovered is obtainable from other sources, and that the director or any Board employee is prohibited by statute from testifying regarding the performance of his duties in any legal proceeding.
After a hearing, the trial court denied the Board’s motion for protective order. From this adverse judgment, the Board filed the instant writ application. On September 4, 1990, this court granted the Board’s writ application.[3] The issue before this court is whether the director of the Board can be subpoenaed for a deposition in a case between an employer and the Board.
CAN DIRECTOR OF BOARD BE DEPOSED?
The Board contends that the director cannot be deposed. The Board proposes two major arguments in support of this position. First, the Board reasons that the *240 director is not subject to subpoena under LSA-R.S. 23:1318 in that that provision affords the director immunity from testifying in legal proceedings concerning its recommendation or any related matter. Second, the Board reasons that the information sought to be discovered is inadmissible at trial.

Applicability of LSA-R.S. 23:1318

LSA-R.S. 23:1318 provides that:
The director or any other office employee shall not be subject to subpoena for the purpose of testifying in any legal proceeding concerning its recommendation or any related matter. This prohibition shall extend to depositions and interrogatories, both written and oral.
The Board argues that the director, as an employee of the Office of Worker’s Compensation, falls within the purview of LSA-R.S. 23:1318 and is therefore prohibited from testifying under the clear language of LSA-R.S. 23:1318. The Board further argues that, throughout the entire Worker’s Compensation Act, the Legislature makes certain specific and unambiguous references to the confidentiality of the files and records maintained by the Office of Worker’s Compensation citing LSA-R.S. 23:1127, 23:1292 and 23:1306, each of which deals with some aspect of the confidentiality of worker’s compensation files. The Board contends that these articles illustrate the basic, underlying theme of confidentiality pervasive throughout the Worker’s Compensation Act and evidence the Legislature’s clear intention for the files of the Office of Worker’s Compensation to be private, confidential, and not subject to subpoena, except under limited circumstances.
Liberty Mutual argues that LSA-R.S. 23:1318 is inapplicable to reimbursement claims. Liberty Mutual reasons that LSA-R.S. 23:1318 is located in Title 23, Chapter 10, Part IV, while the Second Injury Fund and its Board were created under Title 23, Chapter 10, Part V. Essentially, Liberty Mutual argues that the Board is an entity separate and apart from the Office of Worker’s Compensation and the director of the Board is not an employee of the Office of Worker’s Compensation.
The statutory scheme, which includes LSA-R.S. 23:1318, is set up as follows:
Title 23. Labor and Worker’s Compensation
Chapter 10. Worker’s Compensation
Part IV. Administration of Claims
A. Office of Worker’s Compensation Administration
B. Claim Resolution (contains section 1318)
Part V. Louisiana Worker’s Compensation Second Injury Fund (contains articles creating the Board, setting guidelines for a determination of when the second injury fund is to reimburse employers and insurers, and sets procedure for appealing the Board’s denial of reimbursement)
Clearly by examining the statutory scheme, it appears that LSA-R.S. 23:1318 does not apply to the Board. According to the language of LSA-R.S. 23:1318, neither the “director” (of the Office of Worker’s Compensation) nor his “employees” are subject to deposition. From the statutory scheme, it is evident that the director of the Second Injury Fund is not an employee of the director of the Office of Worker’s Compensation. The Second Injury Fund is governed by a five-member board, one of which is the director of the Office of Worker’s Compensation, and is empowered, under LSA-R.S. 23:1375, to select an “executive director.” The executive director of the Board is required to “devote full time to his duties and may not accept or engage in additional employment of any kind.” LSA-R.S. 23:1375 A. The statutory scheme clearly shows that the Office of Worker’s Compensation and the Second Injury Board are separate and distinct entities.
Additionally, according to LSA-R.S. 23:1318, the purpose for disallowing discovery of the director/employees of the Office of Worker’s Compensation is to prevent disclosure of information relating to the director’s “recommendation” (as to an employee’s claim for worker’s compensation). This purpose is not furthered by *241 applying LSA-R.S. 23:1318 to the Board’s director. Finally, although Part IV of Title 23, which deals with the Office of Worker’s Compensation, contains a specific provision prohibiting its director from testifying, there is no such prohibition in Part V, which deals with the Second Injury Board.
After carefully reviewing the entire record and the applicable statutes, we find that the trial court did not err in finding that the prohibition contained in LSA-R.S. 23:1318 is inapplicable to claims to the Second Injury Board.

Inadmissibility of evidence sought to be discovered

The standard for determining whether or not the deposition is appropriate is found in LSA-C.C.P. art. 1422. Article 1422 provides that the parties may obtain discovery regarding any matter, not privileged, which is relevant. Further, LSA-C.C.P. art. 1422 provides, in pertinent part, as follows:
It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
The Board contends that Liberty Mutual can obtain the information sought to be discovered from other sources. The Board reasons that Liberty Mutual has access to the same information from the injured employee and his employers, one of whom is Liberty Mutual’s insured. The Board also notes that, since the statute calls for a trial de novo, Liberty Mutual is required to obtain this information from a primary source (employee/employer/doctors) for presentation at trial and cannot rely on hearsay.
Liberty Mutual argues that it is similarly situated to an insured who files a claim against its insurer (the Second Injury Board), which denies the claim. The insured files suit and institutes discovery against its insurer. Liberty Mutual contends that this is an appropriate analogy in light of the fact that when the Second Injury Board denies a claim, the Board is named as a party defendant and the matter goes to district court and is heard de novo.
We agree. Based on LSA-C.C.P. art. 1422, it does not appear that the trial court abused its discretion in allowing the deposition. The fact that Liberty Mutual can get the information elsewhere does not mean that it should be barred from deposing the Board’s director. Further, the fact that Liberty Mutual’s appeal process includes a trial de novo (and thus requires competent evidence) does not mean it is barred from discovering, through the Board’s director, all relevant information. We find that this is a case in which the Board is the party defendant in the district court suit and, therefore, the Board’s director can be deposed.
CONCLUSION
For the above reasons, the writ of certio-rari is recalled, and the Board’s writ application is denied.
WRIT DENIED.

. Billiot had previously injured his back during the course and scope of his employment with Comet Construction Company and had been assigned a percentage of disability relative to his low back injury.

. LSA-R.S. 23:1378 E, at all times pertinent hereto, provided as follows:
E. Written notice of the decision of the board shall be given to all parties to the hearing, and the decision of the board shall be final; however, an appeal therefrom may be taken by any of the parties within thirty days after the date of written notice to the parties to the decision. If an appeal is taken, the board shall be made party defendant and service and citation shall be made, in accordance with applicable law, upon the attorney general or one of his assistants. The appeal shall be to the district court for the parish wherein the hearing was held or to the court having jurisdiction as provided by R.S. 23:1312 and R.S. 23:1313 for suits under this chapter. All appeals in all such cases shall be tried de novo. (Emphasis added).
By Acts, 1988, No. 938, § 1, effective January 1, 1990, the Legislature amended LSA-R.S. 23:1378 E, which now provides, in pertinent part, as follows:
The appeal shall be taken by petition filed as provided in R.S. 23:1310.3 and shall be assigned by the director to a hearing officer.

.In its application, the Board argued that the trial court erred in allowing the deposition of Campbell and a subpoena of the documents ■ considered in denying Liberty Mutual’s claim. The record contains no evidence of the subpoena. Further, it is clear from the Board’s motion for a protective order, its memorandum in support of the motion, and the transcript of the hearing that the only issue before the trial court was the deposition. Therefore, the only issue properly before this court involves the request to depose the director.