Dear Mr. Campbell:
We are in receipt of your letter dated February 14, 1992. The issue for determination is whether the records of the Louisiana Worker's Compensation Second Injury Board are public records subject to examination by the general public. You specifically ask about the confidentiality (or lack thereof) of the following information:
(1) notice of claim filed against the board
(2) medical history of the injured worker
(3) the injured worker's social security number
(4) occupational injury report
(5) employee job application
(6) pre-employment physical examination
(7) employee weekly compensation records
 (8) correspondence between the insurance company and the board
 (9) statements from the board regarding reimbursement to the injured worker
(10) board decision regarding the reimbursement claim
 (11) petition for suit filed by an insurance company or employer when a claim for reimbursement has been denied.
All records which are maintained by a public body are subject to public examination. There are two exceptions to this rule. First, the statutes may provide an exemption which would prohibit disclosure. Second, the general public may be denied access to the records because the records are protected by the right of privacy afforded an individual pursuant to Louisiana Constitution Art. I, Sec. 5.
THE PUBLIC RECORDS ACT
Any question involving the confidentiality of certain records held by public agencies necessarily requires an examination of the provisions of the Public Records Act, LSA R.S. 44:1, et. seq. The Act defines "public records" as:
 "All books, records, writings, accounts, letters, and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers . . . having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business . . . performed by or under the authority of the constitution or laws of this state . . ." LSA R.S. 44:(A)(2); (Emphasis added).
Unless specifically exempted, all records, documents, and information used in the performance of any public function are included. Caple v. Brown, 323 So.2d 217 (La.App. 2nd Cir. 1975). First, we note the Public Records Act does not contain a specific exemption relating to the records of the Louisiana Worker's Compensation Second Injury Board. However, there is contained by the Act the following general exclusion:
 "This Chapter Shall not apply . . . to any records. . . . in the custody or control of any officer, employee, agent or agency of the state whose duties and functions are to investigate, examine, . . . the business of any private person,. . . . when the records. . . . pertain to the business of the private person, firm or corporation, and are in their nature confidential." LSA R.S. 44:4(3); (Emphasis added).
Further, the Legislature has made specific references to the confidentiality of the files and records maintained by the Office of Worker's Compensation. LSA R.S. 23:1293 provides, in pertinent part:
 "All medical records of an employee, all records of payment of compensation to an employee or his dependent, all records with respect to the rehabilitation or attempted rehabilitation of an injured employee, all employer reports of injury as required by 23:1306, all claims by an employee or his dependent filed pursuant to R.S. 23:1310, all other records of the office which contain or permit the ascertainment of the identity of an injured employee or his dependent or the employer or the insurer,. . . . shall be confidential and privileged, shall not be public records, and shall not be subject to subpoena." LSA R.S. 23:1293(A)(1); (Emphasis added).
Another prohibition against disclosure is contained in LSA-R.S.23:1306 which provides, in part:
 "(A) Within ten days of actual knowledge of injury resulting in death or in lost time in excess of one week after the injury, the employer shall report same to the insurer, if any, and the office, . . . . the following information:
(1) The name, address, and business of the employer.
 (2) The name, Social Security number, street, mailing address, telephone number, and occupation of the employee.
(3) The cause and nature of the injury or death.
 (4) The date, time, and the particular locality where the injury or death occurred.
 (5) The wages, as defined in R.S. 23:1021(10), the worker was earning at the time of the injury.
 "(B) All information and records pursuant to this Section shall be confidential and privileged, shall not be public records, and shall not be subject to subpoena." (Emphasis added).
Finally, there is a further reflection of legislative intent to hold medical records and related information confidential, as stated in LSA-R.S 23:1127, which provides, in part:
 "Any such [medical] records or information furnished to the employer or insurer pursuant to this Section shall be held confidential by them and the employer or insurer shall be liable to the employee for any actual damages sustained by him as a result of a breach of this confidence up to a maximum of one thousand dollars, plus all reasonable attorney fees necessary to recover such damages. . . ."LSA-R.S. 23:1127(B); (Emphasis added).
Because of the statutory exemption provided in the Public Records Act and further statutory provisions prohibiting disclosure defined in the Louisiana Worker's Compensation Law, this office considers the notice of claim, all medical records or related medical information of the employee, the employee's social security number, the injury report, the employee job application, the employee compensation records, statements from the board regarding reimbursement to the injured worker, board decision regarding the reimbursement claim, and any other record which would contain the identity of the employee to be confidential in nature and excluded from disclosure by the Louisiana Worker's Compensation Second Injury Board. This interpretation of the statutes would effectively eliminate the application of the Public Records Act to those items enumerated in (1)-(10) above. This interpretation is in accord with a previous opinion issued from this office, wherein the author concluded that all records, papers, documents, names and medical records of any worker compensation claimant are not subject to the Public Records Act. See Opinion Number 84-805 attached.
The exemptions cited in LSA R.S. 23:1127, 23:1293, and 23:1306
specifically defining the information cited as confidential are contained in Title 23, Chapter 10, Part IV of the Louisiana Worker's Compensation Law. The Second Injury Fund and its Board were created under Title 23, Chapter 10, Part V of the Louisiana Worker's Compensation Law. Part V contains no similar confidentiality provisions; however, we are of the opinion that the Legislature has expressed a clear intent within the framework of the entire Worker's Compensation Law to protect these documents from public inspection. To allow public access to these documents because they are within the files of the Second Injury Board, and to deny inspection of the same documents because they are within the files of the Worker's Compensation Board, would circumvent a clear legislative directive to protect against the disclosure of this confidential information.
THE RIGHT OF PRIVACY
We find further support for our position under the provisions of Louisiana Constitution Art. I, Sec. 5, which states, in part:
 "Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable. . . . invasions of privacy."
There must exist a reasonable expectation of privacy in the information sought to be disclosed. Where a reasonable expectation of privacy is present, the public interest in obtaining the document must be weighed against that individual's privacy interest. The court in Tooley v. Canal Motors, Inc.,296 So.2d 453 (La.Ct.App. 4th Cir. 1974) defined the right of privacy as follows:
 "`It has been defined as the right to be left alone and as the right to live one's life in seclusion without being subjected to unwarranted and undesired publicity.'"
This office has already opined that worker's compensation claimants have a reasonable or legitimate expectation of privacy in not having their names and medical records disclosed to the public. That opinion was, in part, based on jurisprudence addressing the individual's right to privacy weighed against the public's right to know, which jurisprudence is also applicable herein. See Trahan v. Larivee, 365 So.2d 294 (La.Ct.App. 3rd Cir. 1979); writ den., 366 So.2d 564 (La. 1979); where the court held city employees' evaluations could not be disclosed because the individual's privacy interest outweighed any public interest in the disclosure; see also Marine Shale Processors, Inc. v. State Department of Health and Hospitals, 572 So.2d 280
(La.App. 1st Cir. 1990), wherein the court recognized the individual's right of privacy guaranteed by the state constitution would prohibit disclosure of the identity of private citizens who participated in a public health study.
FURTHER CONSIDERATIONS
This opinion is qualified in three respects. First, we note that the provisions of Part IV of the compensation law now defer public access to certain documents until a claim for compensation has been submitted to the hearing officer. LSA-R.S. 23:1293(B)(1) provides:
 ". . . once a claim for compensation has been referred to the hearing officer, all pleadings, motions, discovery documents, depositions, hearing transcripts, and exhibits entered into evidence, and all awards, decisions, and orders become part of the public record." (Emphasis added).
This addition to the statute was enacted by Acts 1989, No. 454, Sec. 8, effective January 1, 1990, subsequent to Opinion Number 84-805 issued from this office. A literal reading would seem to indicate that the Legislature intended to change the status of these documents once the claim is turned over to the hearing officer for resolution. It could be argued then, that in the instance where the documents are already of public record, the prohibition against disclosure of those documents from the files of the Second Injury Board would effectively be removed. However, we find no jurisprudence addressing the individual's right of privacy in connection with the provisions of LSA-R.S.23:1293(B)(1) and it remains to be seen whether the constitutionality of the amendment to the statute will be addressed. Second, we note that the provisions of 23:1378(C) provide a process for a formal hearing of a disputed reimbursement claim to be held before the Second Injury Board. The statute contemplates the presentation of evidence on behalf of the employer or insurer. The employer or the insurer may introduce medical information and records relative to the employee's injury pursuant to the provisions of LSA-23:1127(B), which provides, in part:
 ". . . any such [medical] records or information furnished to the employer or insurer . . . shall be held confidential . . . An exception shall be any introduction or use of such information in a court of law, or before the office of Worker's Compensation Administration or the Louisiana Worker's Compensation Second Injury Board." (Emphasis added).
In connection with these statutes, we bring to your attention the recent case of Liberty Mutual Insurance Company v. Workmen's Compensation Second Injury Board, 577 So.2d 238 (La.App. 1st Cir. 1991). The Board denied the insurer's claim for reimbursement. On appeal to the district court, the insurer sought the deposition of the Board's executive director. The court allowed the director to be deposed, concluding that the director of the Board was not an employee of the Office of Worker's Compensation, which finding would have prohibited the issuance of the subpoena. Language in the opinion indicates the court considered the Office of Worker's Compensation and the Second Injury Board to be "separate and distinct entities." 577 at 240. Although not at issue in that case, the decision could be utilized to support the argument that the confidentiality provisions are similarly restricted to application only against the director/employees of the Office of Worker's Compensation. No mention was made of the employee's privacy concerns related to the testimony of the director; however, the court acknowledged the legislative purpose to "prevent disclosure of information relating to the director's recommendation as to an employee's claim for worker's compensation". 577 So.2d at 240.
Third, we are aware of the provisions of the Open Meetings Law and its application to a "public body" as defined by statute. LSA R.S. 42:4.1 and LSA R.S. 42:4.2. No exception to the general rule exists with respect to the meetings held by the Second Injury Board, other than an allowance for an executive session to discuss "the . . . physical or mental health of a person". LSA-R.S. 42:6.1.
SUMMARY
We are of the opinion that those items enumerated in (1)-(10) above are excluded from the provisions of the Public Records Act, based on statutory exclusions contained within the Louisiana Worker's Compensation Law herein cited and based on the individual's general right to privacy as enunciated in Louisiana Constitution Art. I, Sec. 5. We suggest that the Second Injury Board seek the promulgation of remedial legislation to clarify the provisions of the Louisiana Worker's Compensation Law and the Open Meetings Law to eliminate any ambiguity in this area.
Finally, the Clerk of Court is the legal custodian of records filed in the district court, such as the petition listed in item (11). Any person may examine and obtain a certified copy of the original petition and exhibits during the clerk's office hours. See LSA C.C.P. Art. 251.
We hope this interpretation has been helpful. Please contact this office should you desire further information.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
KLK:ams