Dear Representative McDonald:
In March of this year, this office responded to your opinion request concerning the disclosure of certain business records of public hospitals. In Attorney General Opinion Number 92-23 the author stated:
 ". . . it is the opinion of this office that accounts receivable information regarding patients at public hospitals is confidential and only subject to disclosure in the specific instances provided by law".
The correspondence you recently submitted questions the conclusion of the author. We remain in support of the conclusion of the author with the following clarification.
A public hospital which is supported by public taxation is a public agency subject to the provisions of the Public Records Act, LSA-R.S. 44:1, et. seq. The Act defines "public records" as:
 "All books, records, writings, accounts, letters, and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers . . . having been used being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business . . . performed by or under the authority of the constitution or laws of this state. . . ." LSA-R.S. 44:1(A)(2).
Unless specifically exempted, all records, documents, and information used in the performance of any public function are included. Caple v. Brown, 323 So.2d 217 (La.App. 2nd Cir. 1975).
Within the Act there is the following general exclusion:
 "This Chapter shall not apply . . . to any records . . . in the custody or control of any officer, employee, agent or agency of the state whose duties and functions are to investigate, examine, . . . the business of any private person, . . . when the records . . . pertain to the business of the private person, firm or corporation, and are in their nature confidential." LSA-R.S. 44:4(3); (Emphasis added).
Further, the Legislature has made specific reference to the confidentiality of other files held by public hospitals. As the author of Opinion Number 92-23 noted, LSA-R.S 44:7(A) provides in part:
 "Except as provided in Subsection B, C, and E hereof, the charts, records, reports, documents, and other memoranda prepared by physicians . . . and employees in the public hospitals of Louisiana . . . are exempt from the provisions of this chapter." (Emphasis added).
This office is of the opinion that both statutes cited above form the basis for nondisclosure of accounts receivable information identifying any patient. The administrative records and financial records of a public hospital are in fact subject to the provisions of the Public Records Act, but any information identifying a patient must be segregated or deleted by the custodian before release to the general public.
At issue is the private citizen's right to be free from unreasonable intrusion into his private affairs. This right is constitutionally protected under LSA-Const. Art. I, Sec. 5, which states in part:
 "Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable . . . invasions of privacy."
Where a reasonable expectation of privacy is present, the public interest in obtaining the document must be weighed against that individual's privacy interest. The jurisprudence has addressed this balancing test. See Trahan v. Larivee,365 So.2d 294 (La.Ct.App. 3rd Cir. 1979); writ den., 366 So.2d 564
(La. 1979); where the court held city employees' evaluations could not be disclosed because the individual's privacy interest outweighed any public interest in the disclosure; see also Marine Shale Processors, Inc., v. State Department of Health and Hospitals, 572 So.2d 280 (La.App. 1st Cir. 1990), wherein the court recognized the individual's right of privacy guaranteed by the state constitution would prohibit disclosure of the identity of private citizens who participated in a public health study.
Reference to federal jurisprudence reviewing the Freedom of Information Act (FOIA) is also helpful. The FOIA exempts "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy". 5 U.S.C. § 552(b)(6). The Supreme Court has given an expansive meaning to the term "privacy" under the FOIA, recognizing that it encompasses the individual's interest in "controlling information concerning his or her person." See U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 103 L.Ed.2d 774, 109 S. Ct. 1468 (1989), at 1476. The Court further held that "disclosure of records regarding private citizens, identifiable by name, is not what the framers of the FOIA had in mind." 109 S.Ct. at 1477.
Further, language in a recent federal case concerning an individual's privacy interest under an FOIA request is applicable herein:
 ". . . when a balance must be struck between the competing interests of the privacy of individual citizens and the public's right to knowledge concerning agency action, that balance clearly weighs in favor of the protection of privacy through withholding the information regarding specific individuals." See Schoettle v. Kemp, 733 F. Supp. 1395 (D. Hawaii 1990) at 1398.
Balancing the private and public interests involved and considering the law cited above, this office is of the opinion that account receivable information held by the public hospital concerning a specific individual is protected information and not subject to disclosure. Although the financial records of a public hospital are subject to examination upon request, any information specifically identifying a patient must be deleted from view before release of the information.
We hope this interpretation of the law is responsive to your request. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0128E