Dear Mr. Wilson:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
You state a councilman of the parish recently submitted a request to the parish personnel department asking for the release of the following information concerning parish employees:
(1) name of the employee;
(2) the employee's position;
(3) the employee's salary; and
(4) the employee's home address.
You further inquire whether any legal prohibition exists concerning the release of this information.
The general rule of law concerning public access to agency records states all records which are maintained by a public body may be subject to inspection by the general public pursuant to the provisions of the Public Records Act, LSA-R.S. 44:1, et. seq. The Act defines "public records" as:
 "All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, . . . having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business . . . performed by or under the authority of the constitution or laws of this state,. . . ." LSA-R.S. 44:1(A)(2).
Unless specially exempted, all records, documents, and information used in the performance of any public function are included. Caple v. Brown, 323 So.2d 217 (La.App. 2nd Cir. 1975). The Act does contain the following provision concerning the confidential nature of certain personnel records within LSA-R.S. 44:11, which provides:
 "A. Notwithstanding anything contained in this Chapter or any other law to the contrary, the following items in the personnel records of a public employee of any public body shall be confidential:
 (1) The home telephone number of the public employee where such employee has chosen to have a private or unlisted home telephone number because of the nature of his occupation with such body.
 (2) The home telephone number of the public employee where such employee has requested that the number be confidential.
 (3) The home address of the public employee where such employee has requested that the address be confidential.
The statute excepts the home address of the employee where the employee has indicated he wishes same to remain confidential. Such information is protected by the statute and may not be released.
LSA-R.S. 44:11 does not protect a public employee's name, position, or salary, and the inquiry then becomes whether the individual's constitutional privacy interest under LSA-Const. Art. 1, § 5 is invoked. The First Circuit recently set forth the appropriate analysis:
 "First, it must be determined whether the public employee had a reasonable expectation of privacy against disclosure of the pertinent information. If there was no reasonable expectation of privacy, that is the end of the inquiry. If a reasonable expectation of privacy is found, we then must balance the public's right to disclosure against the public employee's right to privacy." Hatfield v. Bush, 572 So.2d 588 (La.App. 1 Cir. 1990); citing Gannett River States Publishing v. Hussey, 557 So.2d 1154 (La.App. 2nd Cir. 1990).
Concerning the name of a public employee, the court in Hatfield stated "the public has a right to know who it is hiring to perform public work", absent any special circumstance requiring nondisclosure. 572 So.2d at 593. Further, this office has previously recognized names, job titles, duties, salaries and dates of employment of public employees must be disclosed from the personnel records of a public agency. See previously released Attorney General Opinion Numbers 81-353 and 85-724, copies of which are attached, which specifically address the release of salary and job title/position information.
We hope this interpretation of the law will be helpful to you. Should you have further inquiries, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0141E
October 22, 1992
Honorable Walter K. Naquin, Jr. District Attorney Lafourche Parish P.O. Box 431 Thibodaux, LA 70302