371 So.2d 316 (1979)
Garland WEBB
v.
CITY OF SHREVEPORT et al., Joseph Michael Clark, Sr., et al. (Intervenors).
No. 13920.
Court of Appeal of Louisiana, Second Circuit.
May 4, 1979.
Rehearing Denied June 8, 1979.
*317 Johnston & Thornton by James J. Thornton, Jr. and W. Orie Hunter, III, Shreveport, for appellant.
City of Shreveport Legal Department by Charles C. Grubb and Neil T. Erwin, Shreveport, for defendants-appellees.
Francis M. Gowen, Jr., Shreveport, for intervenors-appellees.
Before HALL, MARVIN and JONES, JJ.
En Banc. Rehearing Denied June 8, 1979.
MARVIN, Judge.
May a municipality be compelled under the Louisiana Public Records Law (LSA-R.S. 44:1, et seq.) to reveal the names and addresses of its employees to a person who declares he is also acting on behalf of a labor union seeking to organize municipal employees?[1]
The City denied this plaintiff's written request for the names and addresses of such employees and plaintiff brought suit under the law (LSA-R.S. 44:35).
The lower court held that the names and addresses of requested employees are public records under the law, but that the municipality did not have to reveal this information because the public employees, some of whom intervened here, have a paramount constitutional right of privacy against such a disclosure to union organizers. La.Const. Art. 1, § 5.[2] Judgment below rejected plaintiff's demands to enforce the Public Records Law. This appeal followed and was given preferential status. LSA-R.S. 44:35.
We agree that the names and addresses requested are subject to the Public Records Law. We reverse and hold, however, that disclosure of the requested information is not such an invasion of privacy that is protected by the Louisiana and the United States Constitutions.
The Public Records Law must be liberally interpreted so as to extend rather than restrict access to public records by the public. Bartels v. Roussel, 303 So.2d 833 (La.App. 1st Cir. 1974). This law covers virtually every kind of material or information which is recorded for some use in the performance of any public function. Caple v. Brown, 323 So.2d 217 (La.App. 2d Cir. 1975). The term public records includes:

*318 "All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state . . . ." LSA-R.S. 44:1 A.(2) (Emphasis supplied)
Article 12, § 3 of the Louisiana Constitution, also pertinent, reads in part:

"No person shall be denied the right to. . . examine public documents, except in cases established by law." (Emphasis supplied)
As the Bartels court observed, we find no evidence of legislative intent to qualify in any way the right of the public (any person over the age of 18) to access to material or information which is recorded for some use in the performance of any public function subject, of course, to the exceptions which are provided in Title 44 or "as otherwise specifically provided by law." Sec. 1 A.(2). See for example, LSA-R.S. 23:1660.
The City and nine of its employees, who have intervened, argue that the Public Records Law is limited to those records which relate to the manner, basis and reasons upon which governmental affairs are conducted and particularly those which relate to the expenditure of public funds. They argue that the addresses of the public employees were furnished by the employees themselves for limited and confidential personnel purposes and that these are not subject to the Public Records Law. Personnel records contain more than simply the name and address of employees. They may contain material, the disclosure of which might subject the employee to embarrassment and humiliation or which might affect the future employment of the employee, as in Trahan v. Larivee, 365 So.2d 294 (La.App. 3d Cir. 1978).
In Trahan the court found that even personnel evaluation reports "[fell] within the broad definition of `public records'." The court found, however, that the personnel evaluation reports contained information which, if disclosed, might subject the public employees to embarrassment or humiliation or which might affect their future employment. The court then held that the disclosure of personnel evaluation reports would be an invasion of the employees' constitutionally protected right of privacy. 365 So.2d 300.
There is a vast difference, however, in personnel evaluation reports and a listing (or computer printout) of names and addresses of employees of a municipality. The fact that a municipality or its employee labels the name or address of an employee as having been furnished to become a part of a confidential personnel record, does not elevate the name or address to the status of being a constitutionally protected private thing. The Public Records Law is not limited to records affecting only the public fisc but covers all records unless specifically excepted by statute, or as in Trahan, unless the disclosure of the information contained in the public record is information to which the employee has a reasonable expectation of privacy such as personnel evaluation reports, the disclosure of which might affect the employee's future employment or cause him embarrassment or humiliation. See Trahan at pages 298-300.
The constitutional protection is against unreasonable searches, seizures, or invasions of privacy. Tooley v. Canal Motors, Inc., 296 So.2d 453 (La.App. 4th Cir. 1974), defined the right of privacy as the right to be let alone and to live in [reasonable] seclusion without being subjected to unwarranted *319 and undesired [invasion] and publicity. Bracketed material supplied. Federal courts have noted that a public employee's mere loss of anonymity is considered only as a minor invasion of privacy while disclosure of an evaluation and criticism of the employee's performance is a serious invasion. See Trahan, supra, at page 299.
At 48 Cal.L.Rev. 393-395, Dean Prosser, in summarizing tortious invasion of privacy by public disclosure of private facts, has observed:
". . . All of us, to some extent, lead lives exposed to the public gaze or to public inquiry, and complete privacy does not exist in this world except for the eremite in the desert. Any one who is not a hermit must expect the more or less casual observation of his neighbors and the passing public as to what he is and does, and some reporting of his daily activities. . . ." (Emphasis supplied)
Public employment obviously is not private employment. The employee of a municipality is the agency, individually or collectively, through which the municipality functions and by which the public identifies the municipality. A public body or municipality does not exist or function simply in its physical facilities but in the life and breath of the public officers and employees who perform their duties of rendering some service to the public. Indeed, the words private and public are antonymous, although some private facts about a public employee, as in Trahan, do reach constitutional dimensions.
Federal authorities which have considered constitutional claims of privacy against disclosure, sometimes called "disclosure privacy", generally set forth the requirement that the claimant must establish that he has (subjectively) an expectation of privacy against disclosure and that the expectation is (objectively) legitimate or reasonable. See Nixon v. Administrator of General Services, 433 U.S. 425, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977); Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1972).
Our Louisiana Constitution, while more explicit in its recognition of the right of privacy, should not require a different analysis. Art. 1, § 5 protects against "unreasonable searches, seizures, [and] invasions of privacy. . . ." Thus, our threshold determination is whether the City or its intervening employees have (conversely), a reasonable expectation of privacy against disclosure of the names and addresses of city employees, excluding those in the police and fire departments. If a reasonable expectation of privacy is found, then and only then, need we weigh or balance the public records or documents disclosure interest against the privacy interest as was done in Trahan and in the federal cases.
The lower court failed to determine the threshold issue of reasonable expectation and went directly to the weighing or balancing of interests, although impliedly perhaps finding that the claimants' expectation of privacy was reasonable. We determine to the contrary.
To paraphrase Prosser, complete privacy does not exist except for the eremite in the desert. A person's employment, where he lives, and where he works are exposures which we all must suffer. We have no reasonable expectation of privacy as to our identity or as to where we live or work. Our commuting to and from where we live and work is not done clandestinely and each place provides a facet of our total identity.
By analogy, numerous cases under the Federal Freedom of Information Act require disclosure of names and addresses as against a claim of privacy. See, e.g., Getman v. N. L. R. B., 146 U.S.App.D.C. 209, 450 F.2d 670 (1971) and Robles v. Environmental Protection Agency, 484 F.2d 843 (4th Cir. 1973). Getman stated the disclosure of an employee's name and address is only a minor invasion of privacy. In Wine Hobby USA, Inc. v. United States Internal Rev. Ser., 502 F.2d 133 (3d Cir. 1974), which denied disclosure, the request was for names and addresses of private persons, not public employees, who had been granted the privilege of making wine for their family's consumption. Private citizens certainly *320 have a reasonable expectation of privacy against governmental disclosure of their wine-making or wine-consuming propensities. Likewise, in Trahan, supra, it was found that public employees might be embarrassed by disclosure of their personnel evaluation records [a reasonable expectation of privacy] and the personnel evaluation records, although found subject to the Public Records Law, were protected from disclosure by the privacy interest. These cases, on which the lower court relied, are inapposite on their facts because in each case the court expressly determined affirmatively the threshold issue of reasonable expectation of privacy. Here, we find that neither the City nor its intervening employees have a reasonable expectation of privacy against disclosure of their names and addresses to a person entitled to invoke the Public Records Law.
There is nothing illegal in plaintiff's request for the information. Neither the claims or hints, on the one hand, of violence and trespass toward municipal employees, nor, on the other hand, of unfair or anti-labor prejudices and practices by municipal officers, deserve mention. The law provides remedies in each situation and we shall not engage in speculation in these areas. The purpose for which a person requests examination of a public record is immaterial where no balancing of interests is required. LSA-R.S. 44:32 provides that the custodian of the records shall make no inquiry of the applicant other than as to his identity and age. See LSA-R.S. 44:31. The fact that a person who requests a public record volunteers for what purpose the request is made, as long as the purpose is legal, does not permit detailed inquiry by the custodian or by a court into the applicant's motive in requesting a public record.
To the intervention of the municipal employees, the plaintiff filed a peremptory exception of no cause of action. To the plaintiff's petition for enforcement of the Public Records Law, the City filed an exception of nonjoinder of indispensable parties defendants, i.e., all employees of the City the disclosure of whose names and addresses might be required.

SUMMARY
We have found that neither the City nor its intervening employees, excluding fire and police personnel, have a reasonable expectation of privacy against disclosure of their names and addresses as contained on a computer tape.
On this finding then, plaintiff's exception of no cause of action to the intervening petition is hereby sustained and the petition of intervention is dismissed at the cost of intervenors, and the exception of nonjoinder of indispensable parties defendants is hereby overruled.
Judgment below is reversed and it is hereby ordered that defendants, City of Shreveport and its Mayor, William T. Hanna, Jr., comply with the Public Records Law and permit plaintiff, Garland Webb, to obtain copies at plaintiff's expense of a computer printout of the names and addresses of all employees of the City, excluding fire and police personnel, as the law provides.
Defendants are hereby cast with costs, here and below.
REVERSED AND RENDERED.
NOTES
[1] The written request was for the names and addresses of City employees, excluding fire and police personnel.
[2] "Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court."