MARVIN, Judge.
In Webb v. City of Shreveport, 371 So.2d 316 (La.App.2d Cir. 1979), we held that neither the City nor its intervening employees have a reasonable expectation of privacy against disclosure of a public record containing the names and addresses of City employees to a person entitled to invoke the Louisiana Public Records Law. R.S. 44:1 et seq.
There the person who invoked the law was an employee of a labor union. Here the person who invoked the law is a newspaper reported employed by the Shreveport Journal. This suit was pending in the trial court when Webb was decided on appeal. The trial court correctly found Webb controlling on the merits and ordered disclosure to the plaintiff.
On this appeal the City raises the same issues as were raised in Webb and *144 additionally contends that the trial court erred in refusing to stay the proceedings below until the judgment in Webb becomes final and definitive, arguing that judicial economy is not served by allowing the litigation of the same issues (the Public Records Law and the constitutional right to examine public documents, Art. 12, § 3, vs. the constitutional right to privacy, Art. 1, § 5, La.Constn.) at different appellate levels (this appeal vs. the City’s pending application for writs of review of Webb in the Louisiana Supreme Court).
The City cites cases holding that a stay or continuance may issue in proper circumstances as an inherent power of the trial court to control its proceedings. This principle is codified in CCP 1631 and CCP 1601-1605. The ultimate question in this respect is whether the trial court abused its great discretion in the conduct of its proceedings. The lower court’s ruling on a motion for continuance which is not based on the peremptory grounds in CCP 1602 will not be disturbed on appeal unless there is a clear showing of abuse of discretion. Town of Richwood v. Goston, 340 So.2d 632 (La. App.2d Cir. 1977). We find no abuse of discretion on the part of the trial court in refusing to stay this proceeding.
The City does not complain that the lower court erred in awarding attorney fees of $500 to the plaintiff. R.S. 44:35D, Rule IX-A, Uniform Rules Courts of Appeal. Plaintiff, however, in answer to the City’s appeal, contends that the award should be increased because of the time and efforts of his attorneys below and here. Plaintiff testified that he had not discussed the question of fees with his counsel or his employer and that he did not know and had no idea whether or not he was expected to pay attorney fees. Under these circumstances, only the amount of the award is before us and we find no abuse of discretion in the award made below and no need to increase the award for services rendered on appeal.
At appellant’s cost, judgment is AFFIRMED.