COLE, Judge.
Allen West and the Beer and Liquor Ad Hoc Study Committee appeal a judgment rendered in favor of appellee, ordering a writ of mandamus to be issued directing appellants to permit appellee to inspect and copy certain documents. The issues raised on appeal are whether or not the trial judge erred in overruling an exception of prematurity and whether or not Allen West is the custodian of the records.
The Ad Hoc committee had been created by the city and parish councils for the purpose of studying and recommending possible changes to the local beer and liquor ordinances. Allen West, a member of the committee, prepared certain proposed changes and circulated typed copies to the various members of the committee. Mr. West testified at trial he was undecided whether or not he would present the proposals to the committee as a formal presentation. He stated he circulated the copies in order to receive input from the other committee members.
On May 8, 1980, appellee asked Mr. West to supply her with a copy of the proposed changes. He refused to comply. On May 9, 1980, appellee filed suit under La.R.S. 44:31 which allows any person of the age of majority to inspect and copy any public record, subject to certain exceptions. Prior to trial appellants filed a dilatory exception, raising the objection of prematurity. La.Code Civ.P. art. 926. They argued that under La.R.S. 44:35(A), appellee should not have filed suit until the passage of five judicial days. The statute reads as follows:
“A. Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney’s fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.” (Emphasis supplied.)
The trial judge overruled the exception, noting the statute granted the right to sue when there had been a final determination by the custodian or the passage of five judicial days. The judge concluded Mr. West was the custodian of the records and since he had unequivocally refused to allow appellee to inspect the records, there had been a final determination by the custodian.
We disagree with the conclusion of the trial judge. A custodian is defined by La.R.S. 44:1 as follows:
“(3) As used in this Chapter, the word ‘custodian’ means the public official or head of any public body having custody or control of a public record, or a representative specifically authorized by him to respond to requests to inspect any such public records.”
Testimony at trial clearly established Mr. Lynn Williams is the chairman of the ad hoc committee and, as such, is head of the public body having control of the records. No evidence was put forth to show Mr. West was a public official or head of the public body from which appellee sought access to records. Nor was Mr. West authorized to respond to requests to inspect the records. Therefore, Mr. West clearly does not fit the definition of custodian as set forth by the statute. Since he is not the custodian of the records, it was error for the trial judge to conclude there had been a final determination by the custodian. Ap-pellee’s suit was filed before any request was made of the person designated by law to respond and, therefore, the suit was filed prematurely.
We are aware the Public Records Law must be liberally interpreted so as to extend rather than restrict access to public records by the public. Webb v. City of Shreveport, 371 So.2d 316 (La.App. 2d Cir. 1979). However, a reading of the statute *324 reveals an orderly procedure for obtaining access to public records without which uncertainty, confusion and possible damage to the documents would result. Section 32 provides “The custodian shall present any public record to any person of the age of majority who so requests.” It provides further “examinations of records . . . must be conducted during regular office or working hours, unless the custodian shall authorize examination of records in other than regular office or working hours.” Additionally, it provides if any record contains material which is not a public record, “the custodian may separate the nonpublic record and make the public record available for examination.” Section 32 also provides: “It shall be the duty of the custodian of a public record to provide copies of it to persons so requesting. The custodian may establish and collect reasonable fees for making copies of the public record.”
The law does not contemplate a person may be called upon to produce a public record simply because he is a contributing member of a multi-person public body. The appellee testified she called upon Mr. West for the documents because he was easy to reach. Accessibility of a committee member does not obviate the necessity to follow clearly outlined procedure. When Section 32 is read in pari materia with Section 1(A)(3) and 35(A), it becomes quite clear while any person of the age of majority is entitled to a public record,[1] the request must be made of the official custodian who is presumed to have “regular office or working hours.” Mr. West owes no duty to produce documents simply because he has a copy or is easy to contact.
It should not be overlooked that while the custodian owes a duty to provide access to public records upon request, it is also his duty under the law to protect the public’s interest by safeguarding the records from loss, damage or alteration. The law also accords him the discretion involved in separating nonpublic material from what constitutes a public record before providing access. These duties and responsibilities cannot be divided among the many members of a public body and left to their individual dictates without conflicts in judgment, confusion and loss of documental integrity.
Appellant West sought attorney’s fees for his defense of this action. Section 35(E) allows the award of attorney’s fees in such instances “to the custodian”. This again demonstrates the statutory scheme establishing only the defined custodian as the person of whom the request for access is to be made and who is a necessary party defendant. Because Mr. West is not the custodian of the records, we can not award him attorney’s fees. The equity of the situation does not overcome the absence of statutory authority to award attorney’s fees.
For the foregoing reasons, the judgment of the trial court is reversed and suit is dismissed. Appellee is to pay all costs.
REVERSED.

. We do not reach a determination of whether the documents in question constitute “public records.”