Dear Mr. Smith:
You have requested an opinion from this office concerning the application of the Louisiana Public Records Law, LSA-R.S. 44:1
et seq., to data compiled by the Florida Parishes Social Science Research Center, a unit of Southeastern Louisiana University. I understand that the Center contracts with private and commercial companies to conduct research or do other "commercial" data gathering such as the collection of demographic information and political polling. Specifically, you have asked whether or not information the Center gathers is subject to public inspection under LSA-R.S. 44:1 et seq.
Generally, a public record is any information, regardless of form, which was used, prepared by, possessed or retained by a public body "for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of money." LSA-R.S. 44:1. The above is a broad definition of "public record" which is basically applicable to all documents within the possession of a state institution or agency unless exempted by a specific provision of law. A custodian of a public record must allow access to a public record in response to most reasonable requests, in accordance with statutory law. LSA-R.S.44:31 et seq.
One of the specific exceptions to the requirements of the Public Records Law is contained in LSA-R.S. 44:4(16)(a) and (b), which state:
 (16) To the following records of a board or institution of higher learning, in accordance with rules and regulations promulgated by the Board of Trustees for State Colleges and Universities, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, and the Board of Supervisors of Southern University and Agricultural and Mechanical College, or their successors, in conjunction with the Board of Regents, for programs and institutions under their supervision and management, unless access to the records is specifically required by state or federal statute or is ordered by a court under rules of discovery:
 (a) Trade secrets and commercial or financial information obtained from a person, firm, or corporation, pertaining to research or to the commercialization of technology, including any such information designated as confidential by such person, firm or corporation, but not including any such information relating to the identity of principals, officers, or individuals and entities directly or indirectly owning or controlling an entity other than a publicly held entity, or the identity of principals, officers or individuals and entities directly owning or controlling five percent or more of a publicly held entity.
 (b) Data, records, or information produced or collected by or for faculty or staff of state institutions of higher learning in the conduct of or as a result of, study or research on commercial, scientific or technical subjects of a patentable or licensable nature, whether sponsored by the institution alone or in conjunction with a governmental body or private concern, until such data, records or information have been publicly released, published, or patented.
The above statute would permit the appropriate board, in conjunction with the Board of Regents, to enact rules and regulations limiting access to the records referenced therein "unless access to the records is specifically required by state or federal statute or is ordered by a court under rules of discovery." Records referenced in subsection (a) above include "commercial . . . information obtained from a person . . . pertaining to research . . . including any such information designated as confidential by such person. . .". LSA-R.S.44:4(16)(a). In other words, any information which pertains to research is deemed to be "commercial" and any person interviewed may be asked if they desire any or all such information they are providing to be confidential. Of course, even if not designated as confidential by a person, it may nevertheless be excepted from the Public Records Act by the above quoted statute.
The above quoted subsection (b) excepts certain data from the Public Records Act, "until such data records or information have been publicly released, published or patented." Nevertheless, certain exceptions exist to the requirement of public access to the raw data that forms the basis of published reports. For example, if a person has a reasonable expectation of privacy in certain information, it might be exempt from the public records doctrine. Webb v. City of Shreveport, 371 So.2d 316 (La.App. 1979). Additionally, this office has opined that school statistics and reports of tests are public records but school officials may properly exclude information that would link such information to a particular student. Op. Atty. Gen. No. 76-186.
In sum, any information obtained by the Florida Parishes Social Science Research Center under LSA-R.S. 44:4(16)(a) and (b) is exempt from the Public Records Act, including certain raw data that forms the basis of published reports.
Respectfully Submitted
 RICHARD P. IEYOUB Attorney General
 BY: JAMES C. HRDLICKA Assistant Attorney General
RPI/JCH:vrr