Dear Mr. Burton:
Upon further consideration of relevant constitutional and statutory authorities, this office is issuing this opinion to modify the opinion expressed in Attorney General Opinion No. 93-445. In Opinion No. 93-445, this office addressed the issue of whether certain information concerning school board employees, which is contained in W-2 Forms and which is in the custody of the school board, is subject to disclosure under LSA-R.S. 44:1 et seq., the Public Records Law. In response to this question we stated that the W-2 Form itself would be exempt from disclosure due to confidentiality provisions found in federal law, specifically, 26 U.S.C. § 6103, which would supersede any state law on this matter and would prohibit disclosure. This conclusion remains the opinion of this office. However, in Opinion No. 93-445 this office also stated that the information which is found within the W-2 Form, when not in the actual form but held by the school board in its records, would be disclosable under the Public Records Law. It is this latter conclusion which we now wish to reconsider.
The Louisiana Public Records Law was intended to implement the inherent right of the public to be reasonably informed as to the manner, basis, and reasons upon which governmental affairs are conducted. Laws providing for the examination of public records must be liberally interpreted to extend rather than restrict access to public records. Trahan v. Larivee, 365 So.2d 294
(La.App. 3rd Cir. 1978), writ refused 366 So.2d 564 (1979); citing Bartels v. Roussel, 303 So.2d 833 (La.App. 1st Cir. 1974), writ denied 307 So.2d 372 (1975).
Documents subject to the Public Records Law are disclosable unless there is a statutory exemption, either under the Public Records Law itself or elsewhere, which acts to prohibit their disclosure by a public body. Further, there is a constitutional right to privacy, found in Article 1, Section 5, of the Louisiana Constitution of 1974, which may act to prohibit disclosure in certain circumstances. This constitutional protection is against unreasonable searches, seizures, or invasions of privacy. The right to privacy has been defined as the right to be let alone and to live in reasonable seclusion without being subjected to unwarranted and undesired invasion and publicity. Webb v. City of Shreveport, 371 So.2d 316
(La.App. 2d Cir. 1979). The Webb court, citing Dean Prosser, noted with respect to this right:
 . . . All of us, to some extent, lead lives exposed to the public gaze or to public inquiry, and complete privacy does not exist in this world except for the eremite in the desert. Any one who is not a hermit must expect the more or less casual observation of his neighbors and the passing public as to what he is and does, and some reporting of his daily activities . . . "
Webb, 371 So.2d, at 319, citing 48 Cal.L.Rev. 393-395.
This statement is particularly true of public employment. "The employee of a municipality is the agency, individually or collectively, through which the municipality functions and by which the public identifies the municipality." Webb,371 So.2d, at 319.
This does not mean, however, that the acceptance of public employment subjects a person to public scrutiny as to every aspect of his or her life. Applying Article 1, Section 5, of the Louisiana Constitution of 1974, to determine whether there has been an unreasonable search, seizure, or invasion of privacy, the threshold determination is whether the individual has a reasonable expectation of privacy against the disclosure of certain information, in this case information pertaining to the determination of one's taxable income. Juxtaposed with individual's right to privacy is Article 12, Section 3, of the Louisiana Constitution of 1974, which protects the public's "right to know". The primary purpose of this constitutional provision is to protect citizens from secret decisions being made by public bodies without any opportunity for public input. Delta Development Co., Inc. v. Plaquemines Parish Com'n Council,451 So.2d 134 (La.App. 4th Cir. 1984), writ denied 456 So.2d 172
(1984). Thus, once there has been a determination that an individual has a reasonable expectation of privacy against the disclosure of certain information, the individual's privacy interest must be balanced with the public's right to be informed in order to determine whether such information must be disclosed.
This office has consistently found that information concerning a public employee's gross income is subject to disclosure. The public employee has no reasonable expectation of privacy against the disclosure of information as to salary because that employee is being paid by the public with tax dollars and, therefore, the public clearly has a right to access to this information. However, applying the reasonable expectation of privacy analysis to information pertaining to other "tax related" employee information, we come to the conclusion that there is a reasonable privacy interest on behalf of public employees against the disclosure of certain portions of this information.
The tax related information referred to in your original opinion request is as follows: tax exemptions, taxable wages, federal tax, FICA wages, FICA tax, Medicare wages, Medicare tax, state tax, fringe and/or deferred benefits, expenses and reimbursements. It is the opinion of this office that an employee has a reasonable expectation of privacy in information pertaining to his or her tax exemptions, taxable wages, federal tax, FICA wages, FICA tax, Medicare wages, Medicare tax, and state tax. The determination of this tax information requires the consideration of personal data which has little or no relation to public employment. Therefore, it is reasonable for the employee to assume that such information will remain confidential and, further, there is no overriding public interest in access to this information which would require its disclosure.
This conclusion is contrary to the conclusion in Attorney General Opinion No. 89-187 and, therefore, that opinion is recalled insofar as it does not agree with the above discussion on the disclosure of certain tax information.
There is also a reasonable expectation of privacy on behalf of the employee in regard to deferred compensation which is paid out of the employee's salary. The decision to participate in a deferred compensation plan is optional, unlike membership in public retirement systems, under Title 11 of the Revised Statutes, which is mandatory. Again, there is no overriding public interest in this information which would mandate its disclosure.
With regard to an employee's expenses and reimbursements, there is no expectation of privacy because these expenses are incurred in the course of the employee's public employment and are reimbursed with tax dollars. Further, a public employee has no reasonable expectation of privacy in contributions paid on his or her behalf to the public retirement system of which he or she is a member. The payment of contributions, and the amount of such, is mandated by statute, thus, it would be unreasonable for an employee to expect that such information would remain confidential. Also, any payments made by a public employer toward medical benefits for the employee would be disclosable because there is no reasonable expectation of privacy on behalf of the employee where such benefits are paid for with public funds. The employee's own deductions from pay for medical benefits, however, are not disclosable by the employer because such deductions are discretionary on the part of the employee and there is a reasonable expectation of privacy in such information not being disclosed. The conclusions reached in this paragraph relative to the disclosure of information on retirement contributions and medical deductions conflict with Attorney General Opinion No. 87-282 and, therefore, 87-282 is recalled to the extent that it conflicts with this opinion.
It is therefore the opinion of this office that information relating to a public employee's gross salary is disclosable under the Public Records Law, LSA-R.S. 44:1 et seq., as was stated in Opinion No. 93-445. Opinion No. 93-445 is also reaffirmed insofar as it concluded that an employee's name is disclosable while his or her social security number is not. Information pertaining to federal or state taxes, including FICA and Medicare wages and tax, is not disclosable. Information relating to deferred compensation is also not accessible by the general public. Any information regarding an employer's contributions on behalf of the employee for membership in a public retirement system is disclosable under the Public Records Law. Information on payments, made by the employer with public funds, toward employee medical benefits is disclosable, however, amounts paid by the employee are not. Lastly, information as to expenses incurred by an employee and amounts reimbursed by the public employer for those expenses should also be disclosed.
I hope that this opinion has been helpful. If you require any further assistance, please do not hesitate to call on this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC/pb/0773l