Dear Mr. Carter:
You have requested the opinion of the Attorney General on behalf of the Caddo Parish Sewerage District No. 7 ("District") regarding the Public Records Act, LSA-R.S. 44:1 etseq. Specifically, you ask:
 1. Whether the District has the authority to make reasonable accommodations, and allow the public to review, inspect and copy public records only during certain business hours during certain business days or at least not on certain days?
 2. Whether the District may constitutionally release the individual names, addresses, amount of utility bills, and payment histories of the users and/or customers of the District to the public?
Also, you indicate in your letter that the District has only one full-time employee, the Secretary/Treasurer. This employee has received several requests from a "self-appointed voluntary committee" which have proven to be unduly burdensome. The committee has demanded immediate access to certain records which precludes the Secretary/Treasurer from carrying on the normal business of the District.
Your concerns require the application and interpretation of LSA-R.S. 44:1 et seq., the Public Records Law, which was enacted to carry out the command of Article XII, Section 3, of the Louisiana Constitution of 1974. The issues involved in this opinion will be addressed in the order presented above.
 I.
The first issue addresses whether the District has the authority to restrict the hours or days (within regular working hours) for the requesting party to view the requested public records. The Public Records Law, LSA-R.S. 44:32A., provides in pertinent part:
 The custodian shall present any public record to any person of the age of majority who so requests . . . provided further, that examinations of records under the authority of the Section must be conducted during regular office or working hours, unless the custodian shall authorize examination of records in other than regular office or working hours. In this event the persons designated to represent the custodian during such examination shall be entitled to reasonable compensation to be paid to them by the public body having custody of such record, out of funds provided in advance by the person examining such record in other than regular office or working hours.
Further, the Public Records Law, LSA-R.S. 44:33, provides the following with respect to the availability of records:
 A. (1) When a request is made for a public record to which the public is entitled, the official, clerks of court and the custodian of notarial records in and for the parish of Orleans excepted, who has responsibility for the record shall have the record segregated from other records under his custody so that the public can reasonably view the record.
 (2) If, however, segregating the record would be unreasonably burdensome or expensive, or if the record requested is maintained in a fashion that makes it readily identifiable and renders further segregation unnecessary, the official shall so state in writing and shall state the location of the requested record.
 B. (1) If the public record applied for is immediately available, because of its not being in active use at the time of the application, the public record shall be immediately presented to the authorized person applying for it. If the public record applied for is not immediately available, because of its being in active use at the time of the application, the custodian shall promptly certify this in writing to the applicant, and in his certificate shall fix a day and hour within three days, exclusive of Saturdays, Sundays, and legal public holidays, for the exercise of the right granted by this Chapter.
Thus, according to the cited statutory language, public records should be made available immediately upon request during regular working hours, unless the custodian authorizes inspection after working hours. Where a request is unreasonably burdensome to comply with during normal working hours, the custodian of records for the District may authorize an after hours inspection. Attorney General Opinion Number 81-615. Further, if the record requested is in use, the District's custodian should fix a day and time in which such record may be inspected.
Lastly, this office has previously stated that if a broad request is received, then the custodian may allow the requesting party to search for the record. The custodian of those records has the duty to state in writing that the segregation is unduly burdensome and to provide the location of the records. The custodian has the responsibility to know that the requested record is located within the presented material. The custodian may only do this if the search for the record would be so time consuming so as to interfere with the orderly conduct of his office. Attorney General Opinion No. 81-615.
Therefore, it is the opinion of this office that the District does not have the authority to restrict the number of hours or days within the work week that the public may see public records held by that public body. However, the District's employee is not required to consume all of the workday fulfilling the committee's request, and thus ignoring other District business. The District may determine that an after hours examination is needed in order to not interfere any further with the District's business, or the District can require that the requestor come and search for the requested records themselves. The requesting party may then view and copy the documents. The District may charge the committee for any copies. LSA-R.S. 44:32.
 II.
The second issue concerns what type of personal information concerning customers and/or users of sewerage facilities must be released for inspection. Specifically, you refer to information concerning the names, addresses, amount of utility bills, and payment histories of the users and/or customers. The first step is to determine if the above information is considered "public records". LSA-R.S. 44:1(A)(2) defines "public records" as the following:
 all books, records, writings, accounts, letters, and letter books, maps, drawings, photographs, . . . having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business . . . performed by or under the authority of the constitution or laws of this state, or . . . any ordinance, regulation, mandate.
The information that you are concerned about is considered a public record because it is being used to conduct the District's business, i.e. operation of a public utility. Thus, the information is subject to disclosure. The Public Records Act must be liberally interpreted so as to extend rather than restrict access to public records by the public. Bartels v.Roussel, 303 So.2d 833 (La.App. 1st Cir. 1974). Unless specifically exempted, all records, documents, and information used in the performance of any public function are included.Caple v. Brown, 323 So.2d 217 (La.App. 2d Cir. 1975).
Access to public records may be denied where there is a constitutional, statutory or jurisprudential exemption from disclosure. Gannett River State Publishing v.Hussey, 557 So.2d 1154 (La.App. 2d Cir. 1990). Any exemption to the Public Records Law is in derogation to the public's right to be reasonably informed about the manner in which public affairs are conducted, and therefore must be interpreted narrowly. Amoco Production Co. v.Landry, 426 So.2d 220 (La.App. 4th Cir. 1982).
The Public Records Law provides exemptions to the disclosure of certain information. However, the undersigned did not find a statutory provision which would exempt the records of this public utility. Access to public records may also be denied if the disclosure of the information would violate a person's constitutional rights. Article 1, Section 5 of the Louisiana Constitution of 1974 protects persons from unreasonable searches and seizures. This provision has been interpreted to limit the public's access to information when an individual has a "reasonable expectation of privacy" in information contained within the public records. In order to have a privacy interest protected, the individual must exhibit an actual expectation of privacy, and society must be willing to recognize this interest as reasonable. 52 Louisiana Law Review 575 (1992), p. 585, citingKatz v. United States, 389 U.S. 347, 88 S.Ct. 507
(1967). If it is determined that a reasonable expectation of privacy exists, then the public's right in obtaining the record must be weighed against the individual's interest in keeping the information private. Webb v. City ofShreveport, 371 So.2d 316 (La.App. 2d Cir. 1979), writ denied 374 So.2d 657.
We must now consider whether the names, addresses, amount of utility bills, and payment histories of users and/or customers fall into the above named exemption, and thus should be released to the public.
NAMES AND ADDRESSES
In Webb v. City of Shreveport, supra.371 So.2d at 319, the court stated the following regarding names and addresses:
 To paraphrase Prosser, complete privacy does not exist except for the eremite in the desert. A person's employment, where he lives, and where he works are exposures which we all must suffer. We have no reasonable expectation of privacy as to our identity or as to where we live or work.
In Webb, the court addressed whether the names and addresses of city employees may be disclosed as part of the Public Records Law. Finding no reasonable exception or privacy on behalf of the city or its employees, the court ordered such information to be released. A statutory exemption does exist for the home address and telephone number of a public employee where such employee requests that the information remain confidential. LSA-R.S. 44:11. This exemption does not apply to the case at hand. Further, it is this writer's opinion that there is no reasonable expectation of privacy in such information. Therefore, it follows that the names and addresses of the utility consumers and/or users should be disclosed under the Public Records Law.
AMOUNT OF UTILITY BILLS
The next issue concerns the disclosure of the amount of utility bills of the consumers and/or users in the District. The amount of utility bills would be considered Public Record. Nothing in the Public Records Law expressly exempts this information from being disclosed. The consumers and/or users do not have a reasonable expectation of privacy in the amount of their utility bills. The amount of their utility bills does not contain any kind of personal information which one would expect to remain private. The disclosure of this information cannot injure the respective consumers' reputations or livelihoods. Therefore, under the Public Records Law the amount of the utility bills must be disclosed to the public.
PAYMENT HISTORIES
The final disclosure issue concerns the payment histories of consumers and/or users of the District. The Public Records Law does not expressly exempt payment histories from disclosure. Again, this issue must be considered in light of the reasonable expectation of privacy in keeping this information private.
In Attorney General Opinion 77-29, this office addressed the issue of whether the City of Plaquemine could validly publish the names of delinquent utility customers. This office gave the following reply:
 In response to your question, it is the opinion of this office that the City of Plaquemine may publish in the local newspaper the names of those who have not paid pavement assessments, but that it may publish the names of delinquent utility customers only if the utility is publicly owned.
This opinion did not, however, address specific payment histories. It is the opinion of the undersigned that information detailing a customer's payment history may contain sensitive, personal information not related to the operation of the public utility. There exists a reasonable expectation of privacy in personal financial information, thus, such information should not be released to the public.
Therefore, it is the opinion of this office that public records should be produced upon request subject only to those limitation found in LSA-R.S. 44:32A. and 44:33. Records of a public utility are public records subject to disclosure. However, any personally, identifiable financial information contained within those records should not be released in order to protect the privacy of individual customers.
I hope this has sufficiently answered your questions. If you require any further information, do not hesitate to call on this office.
Your very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ GINA M. PULEIO Assistant Attorney General
RPI/GMP/pb
Mr. E. Keith Carter Blanchard, Walker, O'Quin, and Roberts 1400 Premier Bank Tower Post Office Drawer 1126 Shreveport, LA 71163-1126
DATE RECEIVED: 10/7/94
DATE RELEASED:
GINA M. PULEIO ASSISTANT ATTORNEY GENERAL