Dear Representative McCleary:
This office is in receipt of your request for an opinion of the Attorney General in regard to the public records law to obtain mailing lists of state employees and retirees. You indicate you are considering mailing certain material to state employees and retirees in your district and have received conflicting information as to the availability of these lists. Accordingly, you ask if you and any other citizen can obtain from the appropriate agencies the names and addresses of state employees and retirees.
This office observed in Atty. Gen. Op. No. 86-511 that inWebb v. City of Shreveport, 371 So.2d 316
(La.App. 1979) the court held the names and addresses of employees of a municipality are part of the public record. This office concluded with reference to R.S. 44:11 that the Legislature considers listed telephone numbers of public employees part of the public record, observing that one cannot have a reasonable expectation of privacy in something that is published in a book and distributed to the public. Based upon the concept of expectation of privacy, this office stated:
 In conclusion, this office adheres to the opinion that the names, addresses and telephone numbers, unless unlisted, of employees of a political subdivision of the State are part of the public record, and thus subject to inspection by any person of the age of majority.
R.S. 44:11, amended in 1987, clearly establishes that home telephone numbers and addresses of public employees are public record unless the employee requests that they be confidential. Obviously, by such a request there is an expectation of privacy. However, unless there is a request for confidentiality, the names, telephone number and addresses of public employees are a matter of public record.
We find no statutory change in this law through the 1994 regular and extraordinary sessions.
We would note that a conflict may exist insofar as having these names and addresses available for inspection as public records as opposed to the availability of lists of this information being furnished without cost. Such public records must be made available for inspection or to be copied, but there is no requirement that the list be supplied upon request without costs unless the individual seeking the record is indigent, R.S. 44:32.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR