1LOTTINGER, Chief Judge,
dissenting.
I respectfully dissent and would grant the peremptory exception of no right of action filed by James H. Brown.
La.R.S. 44:35 allows any person who has been denied the right to inspect or copy public records to institute mandamus proceedings. Thus, whether Nungesser has a right of action in her personal capacity rests on whether she was denied access to the requested public records. To answer this question, we must determine in what capacity Nungesser made the public records request.[1]
NUNGESSER’S CAPACITY
In September of 1994, at a meeting with Randal Beach, an officer of the Louisiana Department of Insurance, Nungesser orally requested the list. Following this oral request, Nungesser wrote two follow-up letters. The letters, dated October 1 and 28, 1994, were written on LIGA letterhead and on LIGA’s behalf. The October 1 letter discusses LIGA’s projected cash flow needs for the payment of claims and its desire to avoid the borrowing of “additional funds if the cash shortfall in 1995 can be avoided.” The letter concluded with Nungesser 2thanking Beach for his “agreement to provide LIGA with this information.” The October 28 letter asks Beach to “please send LIGA” the list and concludes that with Beach’s “cooperation, LIGA can avoid the need to borrow funds in 1995.” Nungesser signed both letters in her capacity as executive director of LIGA.
The public records request letter dated December 19, 1994, is also written on LIGA letterhead and signed by Nungesser in her capacity as executive director. This written request stated:
The purpose of this request is that LIGA considers receipts from liquidators essential to avoiding cash flow deficits in 1995. With this list of investments, LIGA will be able to determine the amounts likely to be available and the timing of the availability to match with cash flow patterns. Also, *138 any early withdrawal penalties should be analyzed versus the potential borrowing costs. With the information on investments, LIGA will be able to assist the Department in making these evaluations.
Nothing in the record suggests that Nungesser’s initial inquiries or the public records request were made in her capacity as a private citizen. In each of her requests, Nungesser represented that she was acting on behalf of LIGA and in furtherance of her official duties as executive director. At trial, Nungesser testified that she sought the records in connection with her duties as executive director.[2]
The evidence and testimony clearly establish that Nungesser made the public records request in her official capacity rather than in her personal capacity. Although Nungesser filed suit in her personally capacity, she was never personally denied access to the records. If there was a denial of the request, LIGA, not Nungesser, was the party denied the right to inspect or copy the records.
Like the administratrix in Henry who did not fall within one of the categories of persons entitled to maintain a survival action, Nungesser does not fall within the category of persons entitled to maintain an action to enforce their rights under the public records law. Under these facts, Nungesser was not a person denied the right to inspect or copy public records; therefore, she has no right of action under La.R.S. 44:35.
3While I agree that access to public records is a fundamental right guaranteed by the Louisiana Constitution, that the constitutional provision should be liberally construed to provide free and unrestricted access to public records, that access can only be denied by a law which is specific and unequivocal, and that any doubt concerning the public’s right to access to certain records must be resolved in favor of the public’s right to see, saying such merely begs the question of who was denied the right to inspect or copy as a condition to filing suit.
Therefore, I respectfully dissent and would grant the peremptory exception raising the objection of no right of action.

. When determining whether a person has a right to view public records, a custodian may not inquire into the purpose for which that person requested examination of the records. La.R.S. 44:32(A); Webb v. City of Shreveport, 371 So.2d 316 (La.App. 2nd Cir.), writ denied, 374 So.2d 657 (La. 1979). While the purpose of Nunges-ser's request is immaterial in determining whether the custodian should have turned over the records, the purpose of the request is material in determining the capacity in which Nungesser made the request.

. Nungesser's testimony clearly indicates that the request was made on behalf of LIGA to assist her and her staff with creating LIGA's budget. At trial, Nungesser stated, "I was making requests for information that I thought was important to do my job and to do my duty.” I felt "that you would want to share this information with me since it's part of my job to try to budget these funds.” She further stated "[i]t is important that LIGA knows where this cash is and when it will mature, when there will be cash available.”