Dear Mayor Price:
You have asked this office to advise you whether an "employee name with their specific salary amount" must be disclosed pursuant to a public records request.
The public's right of access to public records is found in the Louisiana Constitution in LSA-Const. Art. 12 § 3 (1974) which provides in part that "no person shall be denied the right to. examine public documents, except in cases established by law."
R.S. 44:1, et seq., contains the provisions of the Louisiana Public Records Act. "Public records" are defined by R.S. 44:1(A)(2) as:
 All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or laws of this state.
The right of the public to have access to public records is a fundamental right. That access can be denied only when a law, specifically and unequivocally, provides otherwise. Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right to see. See Title Research Corp. vs. Rausch, 450 So.2d 933 (La 1984), at page 936.
A basis for denial of the release of information pertaining to a public employee is the constitutional right to privacy an individual is afforded by LSA-Const. Art. 1, § 5 (1974). This provision protects the individual from "invasions of privacy ", but only applies where one has a reasonable expectation of privacy in the matter sought to be protected.
Addressing the legality of the disclosure of the names of municipal employees, the court in Webb vs. City of Shreveport, 371 So.2d 316
(La.App. 2nd Cir. 1979) held that "neither the City nor its intervening employees have a reasonable expectation of privacy against disclosure of their names to a person entitled to invoke the Public Records Law." SeeWebb, supra, at page 319. See also Hays vs. Lundy, 616 So.2d 265
(La.App. 2nd Cir. 1993), holding that the names of university employees were "public records" subject to disclosure under the Public Records Law. Further, an individual has no expectation of privacy concerning the disclosure of his name where he is an applicant for public employment. See Capital City Press vs. East Baton Rouge Parish, 696 So.2d 562 (La. 1997).
This office has previously determined that the names and salaries of government employees are public records, subject to disclosure pursuant to the Public Records Act. See Attorney General Opinions 98-26 (holding that sheriff department employees' names and salaries are generally subject to release, absent the necessity to apply the exemption of R.S.44:3 relative to law enforcement agencies); see Attorney General Opinion 93-445(A) (holding that the names and gross salary of school board employees are subject to disclosure); see also Attorney General Opinion 93-482 (holding that the names and salaries of university employees are subject to disclosure).
There are specific exemptions established by statute and jurisprudence that would prevent disclosure of certain information to the public. Some examples of information which must be deleted by the custodian of the record prior to release for examination are: employee telephone numbers and employee addresses are considered confidential at the request of the employee under R.S. 44:11(A)(3); social security numbers are confidential under federal and state law; see 42 U.S.C. § 405(c)(2)(C)(vii)(I) and R.S. 47:1508; public access to employee evaluations has been found to be an unreasonable and constitutionally prohibited invasion of privacy, because it could cause the employee humiliation or embarrassment; seeAssociation for Rights of Citizens, Inc. vs. Parish of St. Bernard,557 So.2d 714 (La.App. 4th Cir. 1990); exemptions under R.S. 44:3
relating to investigative and law enforcement agencies may apply in certain instances; see also Broderick vs. Department of EnvironmentalQuality, 761 So.2d 713 (La.App. 1st Cir. 2000), holding that names of agency employees who filed grievance proceedings are not subject to disclosure.
The custodian of a public record has a duty to segregate public records from nonpublic records prior to making the public record available for examination. See LSA-R.S. 44:32(B) and LSA-R.S. 44:33(A)(1). Thus, information concerning an employee which is confidential must be deleted prior to release of the record. However, there exists no privacy interest in the employee's name, title, and salary, and such information is subject to disclosure.
Should you have further questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams