Dear Mr. Harris:
You have requested an opinion from our office on multiple issues relating to records of the Livingston Parish Council. Specifically, your questions are as follows:
1. Does the maintenance of public documents, a function conferred upon the appointed Council Clerk under Livingston Parish Ordinance No. 96-30, extend to maintenance of documentary materials concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state?
2. Does the custody of all monies of the parish government, a function conferred upon the appointed director of finance under the Home Rule Charter, extend to exclusive custody and control over all documentary materials, regardless of physical form or characteristic, concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state?
3. Does the authority to review all outstanding invoices for approval prior to payment, granted to the Finance Committee of the police jury under Section 2-4(b) of the Code of Ordinances in and for the Parish of Livingston and adopted by Article VIII, Section 8-01(B) of the Home Rule Charter, extend to the Livingston Parish Council Finance Committee? If so, does this authority include the right to unrestricted review of accounts receivable and accounts payable regardless of form?
4. If the Council Clerk is the custodian of the financial records, at which point does the custodial function take place? Does it apply upon receipt of the bills to be paid, after the bill is paid and ready to be filed, or somewhere in between; and upon receipt of monies coming in, after the deposit is made, after the deposit is posted and ready to be filed or somewhere in between?
5. If the Council Clerk is custodian of the records, will the responsibility for those records for the annual audit then fall to the Council Clerk and will administration be relieved of that responsibility since they will not control the document?
6. If the Council Clerk is not the custodian of the records, will the duties of custodian of records then fall to administration and will the Council be relieved of that responsibility since they will not control the documents?
Title 44, Section 1 of the Louisiana Revised Statutes provides general definitions relating to public records. LSA R.S. 44:1 states in pertinent part:
 44:1A.(1) "Public body" means any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish, or municipal government
 44:1A.(2)(a) All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form of characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records", except as otherwise provided in this Chapter or the Constitution of Louisiana.
 44:1A.(3) As used in this Chapter, the word "custodian" means the public official or head of any public body having custody or control of a public record, or a representative specifically authorized by him to respond to requests to inspect any such public records.
To sum up the issues raised in your inquiry: the materials in question, those relating to accounts payable and receivable, would be "public records" as defined by the statutes above. Access to public records is a constitutional right granted in LSA Const. Art. 12 § 3. As such, the obligation to provide access would rest with the custodian of the documents, or a designated representative. LSA R.S. 44:32A gives the custodian of the public records authorization to determine the manner in which public records will be examined, provided that the custodian does not prevent such examinations from occurring during regular office or working hours. This statute could be read to allow the computer access sought, if such access would allow the custodian to prevent confidential information from being accessed and allow for the confirmation of age of persons requesting such access, as required by LSA R.S. 44:32A.
Based on the explanation given above, the answers to your questions are as follows:
1. The Council Clerk, through Ordinance 96-30, has been designated as a representative of the documents by the custodian. This does not give the Clerk any duties beyond allowing access to such public documents, in her control, to those people, of majority age, requesting such access. If the documents in her control include the public records pertaining to the receipt or payment of money, then it would be her obligation to permit access to such documents. If these documents remain in the physical custody of the Finance Director, he would have the responsibility to provide access, upon request.
2. The Finance Director would remain custodian of the documents of the Finance Department, even though physical custody could be transferred to the Council Clerk, as representative, as allowed in LSA R.S. 44:1A.(3). The Parish President, as ultimate custodian of Parish records, would determine what documents to transfer to the Clerk. If the documents are not physically transferred to the Clerk, they still remain public records, as defined in LSA R.S. 44:1A.(1), and as such, are required to remain accessible for public examination.
3. Ordinance 2-4(b) states: "Meetings of the committee shall be held at least once each month, and at such time the committee shall review all outstanding invoices for approval before payment." This clearly gives the committee such authority to review invoices for payment. The second question raised would have to be answered in light of LSA R.S. 44:1A.(2)(a) above. The level of review given to the finance committee would be for the Parish to determine, but access could not be less than that granted to the public, in LSA Title 44. If the Parish desires that access to the public be less than "unrestricted," the custodian bears the burden of "proving that the records requested are not subject to inspection, copying, or reproduction," see LSA R.S. 44:31A.
4. The Council Clerk as representative would take on the responsibilities of custodian at the time that the documents in question are physically transferred to her possession.
5. The administration's responsibilities will remain as they are in the ordinances and the Home Rule Charter of the parish. The Clerk is not relieving the administration of any duties except that of physically maintaining documents, and allowing access to those public documents physically in her control.
6. See 5. above.
In your opinion request, you stated a concern about the potential access to confidential employee information. Although you did not include such inquiry in your request, there are some important issues to be addressed with regards to the confidentiality of personnel files. We have enclosed Attorney General Opinion 01-0226 for you to review.
I believe the above should sufficiently answer your request. Should you need additional information please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _____________________ CHARLES H. BRAUD, JR.
Assistant Attorney General
RPI/CHB;jnp Enclosures
Date Released: April 30, 2003
OPINION NUMBER 01-0226
June 15, 2001
90-C Public Records
The names and gross salaries of municipal employees are generally subject to release as public records, absent any statutory exemption or constitutional prohibition which might be applicable.
Honorable Edward J. Price, III Mayor, City of Mandeville 3101 East Causeway Approach Mandeville, LA 70448
Dear Mayor Price:
You have asked this office to advise you whether an "employee name with their specific salary amount" must be disclosed pursuant to a public records request.
The public's right of access to public records is found in the Louisiana Constitution in LSA-Const. Art. 12 § 3 (1974) which provides in part that "no person shall be denied the right to. examine public documents, except in cases established by law."
R.S. 44:1, et seq., contains the provisions of the Louisiana Public Records Act. "Public records" are defined by R.S. 44:1(A)(2) as:
 All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or laws of this state.
The right of the public to have access to public records is a fundamental right. That access can be denied only when a law, specifically and unequivocally, provides otherwise. Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right to see. See Title Research Corp. vs. Rausch, 450 So.2d 933 (La 1984), at page 936.
A basis for denial of the release of information pertaining to a public employee is the constitutional right to privacy an individual is afforded by LSA-Const. Art. 1, § 5 (1974). This provision protects the individual from "invasions of privacy ", but only applies where one has a reasonable expectation of privacy in the matter sought to be protected.
Addressing the legality of the disclosure of the names of municipal employees, the court in Webb vs. City of Shreveport, 371 So.2d 316
(La.App. 2nd Cir. 1979) held that "neither the City nor its intervening employees have a reasonable expectation of privacy against disclosure of their names to a person entitled to invoke the Public Records Law." SeeWebb, supra, at page 319. See also Hays vs. Lundy, 616 So.2d 265
(La.App. 2nd Cir. 1993), holding that the names of university employees were "public records" subject to disclosure under the Public Records Law. Further, an individual has no expectation of privacy concerning the disclosure of his name where he is an applicant for public employment. See Capital City Press vs. East Baton Rouge Parish, 696 So.2d 562 (La. 1997).
This office has previously determined that the names and salaries of government employees are public records, subject to disclosure pursuant to the Public Records Act. See Attorney General Opinions 98-26 (holding that sheriff department employees' names and salaries are generally subject to release, absent the necessity to apply the exemption of R.S.44:3 relative to law enforcement agencies); see Attorney General Opinion 93-445(A) (holding that the names and gross salary of school board employees are subject to disclosure); see also Attorney General Opinion 93-482 (holding that the names and salaries of university employees are subject to disclosure).
There are specific exemptions established by statute and jurisprudence that would prevent disclosure of certain information to the public. Some examples of information which must be deleted by the custodian of the record prior to release for examination are: employee telephone numbers and employee addresses are considered confidential at the request of the employee under R.S. 44:11(A)(3); social security numbers are confidential under federal and state law; see 42 U.S.C. § 405(c)(2)(C)(vii)(I) and R.S. 47:1508; public access to employee evaluations has been found to be an unreasonable and constitutionally prohibited invasion of privacy, because it could cause the employee humiliation or embarrassment; seeAssociation for Rights of Citizens, Inc. vs. Parish of St. Bernard,557 So.2d 714 (La.App. 4th Cir. 1990); exemptions under R.S. 44:3
relating to investigative and law enforcement agencies may apply in certain instances; see also Broderick vs. Department of EnvironmentalQuality, 761 So.2d 713 (La.App. 1st Cir. 2000), holding that names of agency employees who filed grievance proceedings are not subject to disclosure.
The custodian of a public record has a duty to segregate public records from nonpublic records prior to making the public record available for examination. See LSA-R.S. 44:32(B) and LSA-R.S. 44:33(A)(1). Thus, information concerning an employee which is confidential must be deleted prior to release of the record. However, there exists no privacy interest in the employee's name, title, and salary, and such information is subject to disclosure.
Should you have further questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams